NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MARI BERENICE ALVAREZ,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-5705

D.C. No.
2:23-cv-02508-SSC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Pedro V. Castillo, Magistrate Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Pro se plaintiff Mari Alvarez appeals the district court's order affirming an

administrative law judge's ("ALJ") denial of Social Security benefits. She

challenges the ALJ's decisions to (1) discount medical opinions from her treating

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

physicians, (2) discount her subjective symptom testimony, and (3) adopt the vocational expert's recommendation as to jobs she could perform. We affirm.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and quotations omitted).

1.    Alvarez did not challenge the ALJ's decision to discount the medical opinions of Drs. Nelson Flores and Cat Dang before the district court. We generally will not consider an issue raised for the first time on appeal. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). No reason to excuse forfeiture exists here. *Id.*

2.    Where, as here, an ALJ concludes a claimant's medically determinable impairments could reasonably be expected to cause the claimant's symptoms, the ALJ must provide "clear and convincing reasons" to discount the claimant's subjective testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022). Here, the ALJ found, and the record supports, (1) that conservative treatment, including antidepressant medication, reduced Alvarez's symptoms; (2) that situational stressors, including Alvarez's job, her ex-husband's attempts to evict her, and her mother's stroke, exacerbated her symptoms; and (3) that Alvarez's daily activities belied the severity of her symptoms. Because those

2

reasons are clear and convincing, the ALJ did not err in discounting Alvarez's subjective symptom testimony.

3.      Alvarez contends the limitations in her residual functional capacity ("RFC") prevent her from performing the jobs identified by the vocational expert. We do not see a conflict. Alvarez's RFC limits her to "medium work" with "occasional changes to the work setting and occasional work-related decision making." The vocational expert identified jobs at Reasoning Level 2, which "require the worker to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations." *Stiffler v. O'Malley*, 102 F.4th 1102, 1108 (9th Cir. 2024) (citation modified). Occasional changes to the work setting itself "are distinct from *situational* variables in the tasks being performed." *Id.* at 1109–10 (citation modified) (emphasis in original). Alvarez's RFC does not prevent her from performing work "involving a few concrete variables." *Id.* at 1108.

**AFFIRMED.**

24-5705